UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
01 JUN -4 PM 3: 25
U.S. ~~~~~~ COURT
N.D. OF ALABAMA

SHEILA STAWICKI,                         )
                                         )
    Plaintiff,                           )
                                         )
vs.                                      ) Civil Action No: CV-01-255-NE
                                         )
UNITED BENEFIT LIFE INSURANCE            )
COMPANY, a corporation; and, BRAD        )
YATES INSURANCE AGENCY,                  )           ENTERED
                                         )
    Defendants.                          )           JUN 4 2001

## MEMORANDUM OPINION

Plaintiff Sheila Stawicki is a resident of Alabama. She commenced this action against United Benefit Life Insurance Company ("UBLICO") and Brad Yates Insurance Agency in the Circuit Court of Jackson County, Alabama, on December 22, 2000. UBLICO is a corporation organized under the laws of the State of Ohio, with its principal place of business in Cleveland, Ohio. Brad Yates also is a resident of Alabama, and he owns and operates an insurance agency located in Jackson County, Alabama. That agency is an unincorporated sole proprietorship. Plaintiff alleges that UBLICO failed to pay claims due under a medical insurance policy procured by Yates and issued by UBLICO. Her complaint asserts claims against both defendants for fraud, breach of contract, negligence, and bad faith refusal to pay a valid insurance claim.

UBLICO removed the action to this court on January 25, 2001, pursuant to 28 U.S.C. §§ 1441(a), 1446. In doing so, UBLICO asked this court to disregard plaintiff's claims against Yates, asserting

that "plaintiff has no possibility or expectation of prevailing on any cause of action against ... Yates, the only named resident defendant,"[1] and Yates was "improperly and fraudulent joined" for the purpose of defeating diversity jurisdiction.[2]

The action presently is before the court on plaintiff's motion to remand (doc. no. 4). Upon consideration of the pleadings, motion, briefs, and oral arguments of counsel, the court finds that plaintiff has stated arguable claims for fraudulent suppression of material facts and negligent procurement of insurance against the resident defendant, and that her motion accordingly is due to be granted.

A civil action filed in state court may be removed to federal court if that action originally could have been brought in federal court. See 28 U.S.C. § 1441(a). Diversity jurisdiction exists where the amount in controversy exceeds $75,000, and the action is between citizens of different states. See 28 U.S.C. § 1332(a)(1). The parties to the action must be completely diverse: that is, the citizenship of every plaintiff must be diverse from that of every defendant. See, e.g., Triggs v. John Crump Toyota, Inc., 154 F.3d 1284 (11th Cir. 1998). Even so, an action including a non-diverse defendant may still be removed, if the court determines that the resident party was fraudulently joined for the purpose of defeating diversity jurisdiction. Joinder has been deemed "fraudulent" in

---

[1] Notice of Removal (doc. no. 1) ¶ 8, at 3.
[2] Id. ¶ 2, at 1.

2

three circumstances: 1) "when there is no possibility that plaintiff can prove a cause of action against the resident (non-diverse) defendant"; 2) "when there is outright fraud in the plaintiff's pleading of jurisdictional facts"; and 3) "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.* at 1287.

UBLICO asserts that there is no possibility that plaintiff can prove her claims against Yates.[3] UBLICO's burden is a heavy one. *See Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997). "To determine whether [a] case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.* at 1538.

Courts must avoid weighing the merits of a plaintiff's claim, and should limit the inquiry to whether the claim is <u>arguable</u>. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident

---

[3] Relying upon *Washington National Insurance Company v. Strickland*, 491 So. 2d 872 (Ala. 1985), UBLICO contends no action may be maintained by plaintiff against Yates because Yates was not acting as plaintiff's agent. In *Washington National* the Alabama Supreme Court delineates the differences between a general agent, soliciting agent, and an independent agent. These distinctions are, however, inapposite to the question before this court. The question presented in *Washington National* was whether the <u>insurer</u> could be held vicariously liable for the actions of the insurance agent. Here, plaintiff claims that the agent himself is liable. The agency relationship between Yates and UBLICO is irrelevant to the determination of his personal liability for fraud and negligence,

3

defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993)).

### A.  Fraudulent Suppression of Material Facts

Plaintiff claims that Yates committed fraud by inducing her to purchase a health insurance policy from UBLICO, when he knew that it was not a reliable company. Fraud may be committed by "suppression of a material fact which the party is under an obligation to communicate." *Ford New Holland v. Proctor-Russell Tractor*, 630 So. 2d 395, 398 (Ala. 1993) (quoting Alabama Code § 6-5-100 (1975)). To maintain an action for fraudulent suppression, a plaintiff must prove:  (1) that the defendant had a duty to disclose a material fact; (2) that the defendant either failed to disclose or concealed the material fact; (3) that the defendant's failure to disclose, or concealment of, a material fact induced the plaintiff to act; and (4) plaintiff suffered actual damage as a proximate result of the action induced by the defendant's failure to disclose, or concealment of, a material fact.  *See, e.g., Foremost Insurance Company v. Parham*, 693 So. 2d 409, 423 (Ala. 1997); *Compass Point condominiums v. First Federal Savings & Loan Association of Florence*, 641 So.2d 253, 255 (Ala. 1994). The defendant must know the fact is material, or there must be facts

4

that infer the defendant knew the suppressed fact was material. ., *State Farm Fire and Casualty Company v. Owen*, 729 So. 2d 834, 837 (Ala. 1999); *Speigner v. Howard*, 502 So.2d 367, 371 (Ala. 1987). There need not be proof of an intent to deceive. *See, e.g., Baker v. Bennett*, 603 So. 2d 928, 935 (Ala. 1992). Silence is not actionable absent a finding of a duty to disclose. *See Foremost*, 693 So. 2d at 423. The existence of a duty to disclose is a question of law. *Owen*, 729 So. 2d at 839. Such a duty arises by virtue of a confidential relationship or special circumstances. *See Foremost*, 693 So. 2d at 423.

> In evaluating the question whether [a defendant] had a duty to speak, we must consider a number of factors: (1) the relationship of the parties; (2) the relative knowledge of the parties; (3) the value of the particular fact; (4) the plaintiff's opportunity to ascertain the fact; (5) the customs of the trade; and (6) other relevant circumstances.

*Owen*, 729 So. 2d at 842-3. "The absence of a contractural relationship ... does not preclude the finding of a relationship on which to base a duty to disclose." *Hines v. Riverside Chevrolet-Olds, Inc.*, 655 So. 2d 909, 920 (Ala. 1994).

In the present circumstances, plaintiff need not state a claim sufficient to survive a motion for summary judgment. *See Wright v. American General Life and Accident Insurance Co.*, No. CIV.A.00-A-1439-N, 2001 WL 291962, at *5 (M.D. Ala. Jan. 12, 2001); *see also Crowe*, 113 F.3d at 1539-40. She need only present an arguable claim. Given the flexibility of the factors for evaluating whether

5

Yates possessed a duty to disclose material facts to plaintiff, this court cannot find there is no possibility that she can prove a fraudulent suppression claim against Yates on that basis. Further, the Alabama Supreme Court has not foreclosed the possibility that Yates's alleged suppression was material to plaintiff's choice of insurance policy, induced her to purchase that policy, and caused her damage. *See Wright*, 2001 WL 291962 at *5-6.

### B. Negligent Procurement

Plaintiff also has articulated an arguable claim for negligent procurement of an insurance policy. Although the elements of such a claim are not crystal clear under Alabama law, the Supreme Court of Alabama has clearly recognized that such a cause of action exists. *See Bush v. Ford Life Insurance Company*, 682 So. 2d 46, 47 (Ala. 1996); *Badie v. First Capital Mortgage Corporation*, 576 So. 2d 191, 194 (Ala. 1991); *E & S Facilities, Inc. v. Precision Chipper Corporation*, 565 So. 2d 54, 57-58 (Ala. 1990); *Hickox v. Stover*, 551 So. 2d 259, 263-64 (Ala. 1989); *Segrest v. Palomar Insurance Corporation*, 485 So. 2d 706, 707 (Ala. 1986). UBLICO does not contend that plaintiff has failed to satisfy the substantive requirements for a negligent procurement claim, but instead asserts that her claim is barred by the applicable statute of limitations.

The statute of limitations for negligence under Alabama law is

two years from the date injury occurred. Alabama Code § 6-2-38 (1975). UBLICO claims that plaintiff's injury occurred on November 2, 1998, the date she submitted her application for insurance coverage and first premium payment. Plaintiff's complaint was filed on December 22, 2000, more than two years later. Plaintiff argues, on the other hand, that legal injury did not occur until UBLICO notified her that it would not pay her medical expenses and, thus, that her complaint was timely filed.

Alabama law governing the date when a cause of action for negligent procurement of insurance accrues is garbled by two diametrically opposed lines of authority. The first grew from the Alabama Supreme Court's opinion in *Hickox v. Stover*, 551 So. 2d 259 (Ala. 1989). The plaintiffs in *Hickox* commenced an action for fraudulent misrepresentation and negligent procurement against the defendants after the defendant insurer refused to pay the replacement cost of equipment and inventory that was destroyed by a fire. *Id.* at 260. The plaintiffs claimed the defendants represented that the coverage under their policy was equal to plaintiffs' previous coverage. *Id.* The trial court granted summary judgment on the negligent procurement claim, along with other claims, finding it barred by the statute of limitations. *Id.* The Alabama Supreme Court reversed, overruling previous authority holding that a cause of action for negligent procurement accrues when the premium is paid and the policy issued. *Id.* The Court

7

announced the new rule that such an action accrues when the loss occurs. *Id.* at 264. Finding the plaintiff's loss occurred on the date that the insured property was destroyed by fire, the Court held plaintiffs' claim remained viable. *Id.*

In 1993, without addressing *Hickox*, the Alabama Supreme Court announced an alternate rule. In *Henson v. Celtic Life Insurance Company*, 621 So. 2d 1268 (Ala. 1993), the Court utilized the date on which the plaintiff completed the policy application in determining that her claim was barred. *Id.* at 1274. The plaintiff admitted that her loss occurred on the date she applied for the policy, but argued that the limitations period should be calculated from the date on which she discovered the loss. *Id.* The Court explicitly rejected the plaintiff's argument, holding "[t]here is ... no 'discovery rule' to toll the running of the limitations period with respect to ... negligence or wantonness actions; the 'discovery rule' in Alabama is applicable only to fraud actions." *Id.*

The Alabama Supreme Court again explicitly addressed the issue in *Bush v. Ford Life Insurance Company*, 682 So. 2d 46 (Ala. 1996). The Court defined the issue as follows: "When does a cause of action for negligent failure to procure insurance accrue?" *Id.* at 47. Citing *Hickox*, the Court held: "In a case of negligent procurement, a cause of action accrues when a loss that would trigger liability under the policy occurs." The Court found the

8

event that triggered liability under the credit life insurance policy at issue was the death of the insured, followed by the insurer's refusal to honor the claim. *Id.* Thus, the court found the statute of limitations should be calculated from the date on which the insurer notified the plaintiff that it would not honor his claim. *Id.* at 47-8. The Court did not address *Henson* or its prior holding that the "discovery rule" does not apply to negligence actions.

Approximately one year later, *Hickox* was partially overruled by *Foremost Insurance Company v. Parham*, 693 So. 2d 409 (Ala. 1997). In *Hickox*, the Court had relinquished the common law standard of "reasonable reliance" in fraud actions, and adopted the standard of justifiable reliance. *Id.* at 417-21. After analyzing and comparing the jurisprudence regarding the two standards the Court held: "For the foregoing reasons, we overrule *Hickox*, to the extent that it changed the law of fraud as it had existed prior thereto." *Id.* at 421 (emphasis supplied). The Court did not address the holding in *Hickox* with respect to claims for negligent procurement.

One month later, in *Booker v. United American Insurance Company*, 700 So. 2d 1333 (Ala. 1997), the Court revisited the issue of the date of injury in negligent procurement actions. The Court followed *Henson* without citing *Hickox* or *Bush*. The Court reasoned:

Because the savings provision for fraud actions (§ 6-2-3)

9

> does not operate to postpone the running of the limitations period for nonfraud claims, whether the Bookers' negligence and wantonness claims are time-barred depends on when they accrued.
>
> It is well settled that a negligence cause of action accrues when the plaintiff can first maintain the action, regardless of whether the full amount of damage is apparent at the time of the first injury. *Henson v. Celtic Life Insurance Co.*, 621 So. 2d 1268, 1271, 1274 (Ala. 1993). In *Henson*, 621 So. 2d at 1271, 1274, this Court held that the plaintiff's completion of an application for a health insurance policy started the running of the two-year limitations period for a negligence action. Further, in *Henson*, 621 So. 2d at 1273, this Court commented that an action for inducing a plaintiff to give up on old insurance policy in favor of a new policy accrued when the plaintiff gave up the old policy. In this case, as in *Henson*, 621 So. 2d at 1274, the Bookers admit that any negligence or wantonness on the part of Stone or United American occurred, at the latest, in May 1991, when the Bookers signed the application and wrote the check for the policy. Thus, their claims accrued in May 1991. Because the Bookers filed their complaint in August 1993 — over two years after their claims accrued — their negligence and wantonness claims are time-barred.

*Id.* at 1339-40.

Analysis of the *Henson* and *Hickox* lines of authority leads this court to conclude that the two are irreconcilable. Perhaps they may be distinguished by the fact that the plaintiffs in *Henson* and *Booker* admitted that injury occurred on the date they applied for the policy and submitted the first premium payment. This court need not decide the issue, however.

> When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. "If there is even a possibility that a state court would find that the complaint states a cause of action

10

> against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."

*Crowe*, 113 F.3d at 1538 (citation omitted).

In conclusion, the law of Alabama is in conflict about whether plaintiff's negligent procurement claim against Yates is barred by the statute of limitations, and the resolution of that issue will be determinative of the outcome of that claim. Plaintiff applied for the insurance policy and remitted her first premium payment on November 2, 1998. The policy became effective on January 1, 1999. She subsequently suffered two heart attacks, occurring on February 1, 2000 and April 2, 2000. Sometime thereafter, plaintiff was notified that UBLICO would not pay her claims. She commenced this action on December 22, 2000, alleging Yates knew that UBLICO frequently failed to pay valid claims, and that it was financially unsound. Her latter assertion is borne out by the fact that UBLICO is no longer in business. Under *Henson* and its progeny, plaintiff's claim would be barred by the statute of limitations. Under *Hickox*, it would remain viable. The Eleventh Circuit has held that, although state case law may be in conflict on an issue,

> at this point in the procedural history of the case — that is, on a motion to remand, our analysis (as well as the district court's) must be limited to determining whether Plaintiffs have <u>even an arguable claim</u>. So, any ambiguity or doubt about the substantive state law favors remand to state court.

*Id.* at 1539 (emphasis supplied). Here, plaintiff has an arguable basis for her contention that her negligent procurement claim is

11

not barred is not barred by the statute of limitations. Accordingly, this case must be remanded to state court. An order consistent with this memorandum opinion shall be issued contemporaneously herewith.

DONE this the 4th day of June, 2001.

United States District Judge